560 So.2d 423 (1990)
Ronald D. HACKNEY, Appellant,
v.
Sherri L. HACKNEY, Appellee.
Nos. 89-1302, 89-2063.
District Court of Appeal of Florida, Fourth District.
May 9, 1990.
*424 David K. Friedman of Dilworth, Paxson, Kalish, Kauffman & Tylander, Boca Raton, for appellant.
No appearance for appellee.
DOWNEY, Judge.
These are two timely consolidated appeals arising from the denial of appellant's petition for modification of alimony and child support as well as from a final order adjudicating appellant in contempt for his failure to pay alimony and child support.
The final judgment of dissolution made an equitable distribution of the parties' property and required the husband to pay $750 per month child support for the sixteen-year-old child of the parties whose custody was awarded to the wife. In addition, she was awarded $1,000 per month permanent periodic alimony, and each party was required to pay their respective attorney's fees.
The husband sought modification of both the alimony and child support due to a substantial change in circumstances, i.e., he had lost his executive position with Pratt & Whitney and was currently unemployed, and the parties' son was no longer living with the wife. The prayer for modification was denied; the trial court found the husband in contempt for delinquencies in support payments and awarded the wife attorney's fees.
We reverse the orders appealed from in that the record demonstrates adequate grounds for modification. Although the wife contended that the husband quit his job, the record does not support that thesis. The husband was given the option of resigning or being fired. He chose the former to preclude being "blackballed" in the industry and subsequently appealed his dismissal through the company hierarchy without success. Since then he has been unable to obtain similar employment. With regard to the child support the record shows the child, who has by now reached majority, was not living with the wife. He had lived with the husband for a time, had been in a drug rehabilitation program and had also lived alone. Finally, the award of attorney's fees appears unjustified because the equitable distribution left the parties pretty much equal regarding their assets yet no fees were allowed at final dissolution. Now, the husband's financial situation has worsened. Thus, no basis for the fee allowance is apparent. In addition, the Roe requirements were not complied with in determining the fee. Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988).
We therefore reverse the orders appealed from in all respects and remand the cause to the trial court with directions to further consider appellant's petition for modification.
Reversed.
HERSEY, C.J., and WARNER, J., concur.