FRANK, Judge.
The wife has appealed from a final judgment, contesting the equitable distribution scheme fashioned by the trial court. We affirm the trial court’s award of the marital home to the husband but reverse the determination to award him $200 per month rehabilitative alimony.
The parties were married for thirty-one years during which all of the marital assets were acquired. There are no minor children. At the time of the dissolution proceeding, the husband was age 68 and the wife age 57. The husband worked at various jobs throughout the marriage, primarily in the food services industry, with episodic periods of unemployment. In 1986, at age 65, he retired. The husband receives $634 a month in social security benefits. With an actuarially determined life expectancy of twelve years, the court reckoned his social security benefits to be worth $59,000. The wife, who worked continuously throughout the marriage, has been a school teacher for over 30 years. She expects to earn approximately $28,000 a year until her retirement in 1992. The wife has a vested retirement plan with the State of Florida valued at nearly $107,000 and at age sixty, she is entitled to receive $1,087 per month.
During the marriage, the responsibility for raising the children and attending the home fell primarily upon the wife. For instance, she carried the medical insurance on the entire family, and made sure the mortgage payments and utility bills were paid on time. When employed the husband would contribute his earnings to the family’s financial obligations. At the time of the separation the parties owned a joint checking account with a balance of approximately $67,000, a marital home burdened with a $2,000 mortgage but with an equity of $54,000, certain furniture and furnishings worth approximately $2,000 and two automobiles of equal value.
The trial court denied the husband a one-half interest in the wife’s retirement plan, and he retained his social security benefits. To achieve an equitable balance, the husband was awarded the marital home but exclusive possession of it remained in the wife, such possession to terminate either two months after her retirement or August 14, 1992, whichever first occurs. Each party retained full interest in their respective automobiles, and an equitable division was ordered of the furniture and furnishings and the assets held in the parties’ joint checking account. Further, the husband was awarded rehabilitative alimony of $200 per month payable by the wife for as long as she enjoys exclusive possession of the marital home. Moreover, the wife suggested to the trial court that she should remain responsible for Marcus, a seven-year old grandson, the responsibility for whom they assumed from their daughter in 1986.
A trial court has broad discretionary authority to achieve an equitable allocation of marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Thus, we affirm the award of the marital home to the husband. We also agree with the trial court’s decision to deny the wife’s request for a special equity in the home. There does not appear to be any genuine dispute that the wife’s contributions to the general welfare of the family were somewhat greater than the contributions made by the husband. In fact, it seems that her frugality enabled the parties to accumulate their joint savings. Nevertheless, during the marriage both parties worked, and although the husband’s scattered instances of unemployment contrast with the wife’s steady career and higher salary, the husband did contribute to the purchase of the marital home as well as the family’s living expenses. Therefore, the trial court’s decision to deny the wife a special equity in the marital home was not an abuse of discretion. Canakaris; Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla.1980).
For the most part, the trial court’s distribution scheme is well-balanced, approaching a 50/50 division of the marital assets. The trial court’s award to the husband, however, of $200 a month rehabilitative alimony is unwarranted. Rehabilitative alimony is properly awarded to *867 enable the receiving spouse to redevelop employment capability or to obtain the training and education necessary to become self-supporting. Canakaris, 382 So.2d at 1202; see also Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 737 (Fla.1975). The record discloses that in 1986 the husband, in declining health, chose to retire at age 65. At the time of the trial, the husband was living quite comfortably with his sister. He presented no evidence that his life-style had changed from that which he enjoyed during marriage, nor did he present any evidence that he would use the rehabilitative alimony to pursue a fresh start or a new career. In short, the record fails to reflect any fact upon which the trial court could reasonably base an award of rehabilitative alimony. Therefore, we reverse that aspect of the trial court’s order.
Affirmed in part, reversed in part and the award of rehabilitative alimony is set aside.
LEHAN, A.C.J., and PATTERSON, J., concur.