584 So.2d 1123 (1991)
James P. SHEPARD, Appellant,
v.
Linda L. SHEPARD, Appellee.
No. 90-2746.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
William H. Pruitt of Pruitt & Pruitt, P.A., West Palm Beach, for appellant.
Richard Vespucci of Littky and Chandler, West Palm Beach, for appellee.
POLEN, Judge.
James P. Shepard, former husband, appeals a final judgment dissolving a twentyeight year marriage, the last seven years *1124 of which the parties were separated. Mr. Shepard argues that the trial court erred in awarding the appellee/former wife between sixty and sixty-three percent (60-63%) of the marital assets while requiring him to pay appellee $400 per week as permanent periodic alimony. (He had been paying Mrs. Shepard $300-$400 per week throughout the parties' seven-year separation.) We reverse.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the Florida Supreme Court mandated that marital assets be equitably distributed. This has since been codified by statute. Section 61.075, Fla. Stat. (Fla. 1989). This court has decreed in Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989) that the starting point (and perhaps the finale), in equitably distributing marital assets is an even division of such assets unless the trial court expresses justifications for an unequal division. "If the trial court starts with a proposition of an equal division of marital assets and then sets forth a justification for disparate treatment which comports with reason and logic (the Canakaris standard), then the trial court has appropriately exercised its judicial discretion." Id. at 336.
We reverse because the final judgment of dissolution that is the subject of this appeal does not set forth a justification for the disparate treatment accorded these parties. On remand the trial court should determine whether justification for its distribution of the marital assets exists, and if so, express that justification.
While we find no error in the award of $400 per week permanent periodic alimony, the trial court, in reconsidering the equitable distribution of the marital assets, should be able to reassess "the whole picture." Thus, if the trial court determines to change the asset distribution, he may also wish to adjust the alimony award correspondingly.
REVERSED and REMANDED.
DELL and GUNTHER, JJ., concur.