615 So.2d 243 (1993)
James F. REYNOLDS, Appellant,
v.
Evelyn Faith REYNOLDS, Appellee.
Nos. 91-2832, 92-93.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Edward C. Vining, Jr., Miami, for appellant.
Andrew M. Leinoff, Coral Gables, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
In this dissolution of marriage, the husband appeals the distribution of marital assets and the order that he pay 55% of the wife's attorney's fees. The wife cross-appeals claiming her attorney's fees should be paid in full by the husband.
In evaluating the marital assets of James and Evelyn Reynolds for equitable distribution purposes, the trial court, relying on the testimony of the wife's expert, adopted the figure of $173,785 for the present value of the husband's pension plan. That figure assumed that the husband would continue to work through age 62 and also included expected increases in salary in arriving at that payout amount. Because the inclusion of post-dissolution income in arriving at a value for the plan was erroneous as a matter of law, we reverse the order under review.
*244 As has been repeatedly stated, retirement benefits are to be considered "contract rights of value received in lieu of higher compensation which would otherwise have enhanced either marital assets or the marital standard of living and, therefore, are marital property." DeLoach v. DeLoach, 590 So.2d 956, 960 (Fla. 1st DCA 1991) quoting Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla. 1986), quoting Majauskas v. Majauskas, 61 N.Y.2d 481, 474 N.Y.S.2d 699, 704-05, 463 N.E.2d 15, 20-21 (1984); see § 61.075(5)(a)4 (Fla. Stat. 1991). However, marital property rights cannot inure in property acquired after a judgment of dissolution of marriage. Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986), citing In re Marriage of Frazier, 125 Ill. App.3d 473, 80 Ill.Dec. 838, 841, 466 N.E.2d 290, 293 (1984).
There are a number of ways to evaluate a pension/retirement plan and this court in no way intends to limit the discretion which has been granted trial judges in this regard. See Diffenderfer, 491 So.2d at 265; see also Trant v. Trant, 545 So.2d 428 (Fla. 2d DCA), review denied, 551 So.2d 464 (Fla. 1989). However, here a method was chosen which clearly considered post-dissolution income. Of the three pension evaluations given by the wife's expert, only the figure of $92,862 represents the present value of the benefit earned during the marriage.
A trial court's decisions in a dissolution proceeding should be considered interrelated and part of an overall scheme. Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla. 1991); see also Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Thus, we reverse the instant orders thereby permitting the trial court to reconsider its rulings in light of the proper valuation of the pension plan. We are not directing the trial judge to make a change in the division of property or obligations of the parties; rather, we are remanding to provide the trial court the opportunity to reconsider its rulings both as to the distribution of assets and liabilities, and the responsibility for fees, in light of the statements made herein.
Accordingly, the orders under review are reversed and remanded.