PER CURIAM.
The former husband appeals a final judgment of dissolution of marriage. We are cognizant that dissolution proceedings present the trial court with the daunting challenge of dividing the assets acquired and liabilities assumed by the parties, and of providing needed support. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). To that end, the trial court has broad discretionary authority to achieve an overall equitable resolution of the issues, id. and Nurse v. Nurse, 578 So.2d 865 (Fla. 2nd DCA 1991), and we will not disturb the result so long as the total scheme of distribution devised by the trial court is supported by competent substantial evidence. Hamlet v. Hamlet, 583 So.2d 654 (Fla.1991); Kuvin v. Kuvin, 442 So.2d 203, 206 (Fla.1983). The lower tribunal is entitled to considerable deference in fashioning an equitable distribution pursuant to section 61.075, Florida Statutes. While a 50-50 division of marital assets is an appropriate starting point for equitable distribution, Ervin v. Ervin, 553 So.2d 230, 231 (Fla. 1st DCA 1989), a modestly different apportionment of the assets is proper where, as here, the trial court’s findings support its conclusion. Prom v. Prom, 589 So.2d 1363, 1364 (Fla. 1st DCA 1991). From our review of the record, we conclude that the able trial judge prepared a final judgment that addressed all the disputed issues in detail and supported its holding with findings based on that record. Accordingly, we find no abuse of discretion. The final judgment is
AFFIRMED.
KAHN, MICKLE and VAN NORTWICK, JJ., concur.