677 So.2d 86 (1996)
Donna WEIMER, Appellant,
v.
Samuel C. WEIMER, Appellee.
No. 95-2896.
District Court of Appeal of Florida, Fourth District.
July 24, 1996.
*87 Stanley L. Riskin of Stanley L. Riskin, P.A., Plantation, for appellant.
Levi England of England & Donato, Hollywood, for appellee.
RAMIREZ, JUAN, Jr., Associate Judge.
This is an appeal from a final judgment of dissolution of marriage, challenging the trial court's failure to divide the marital assets equally, the amount of alimony awarded, and the percentage of attorney's fees granted. We reverse the unequal distribution, affirm the alimony award, and find the award of attorney's fees not ripe for review.
At the time of final judgment, the parties were married for a period of almost 28 years. The Wife was 63 years old and the Husband was 55 years old. The Wife had medical problems affecting her knee, spine, neck and hand. The Husband had hand and leg problems. There were no children born of the marriage, but throughout the marriage the Husband had voluntarily assumed the financial burdens of caring for the Wife's children from a prior marriage. In 1971, the parties bought a garage which they operated together. The Husband worked as a mechanic and the Wife managed the office. The Wife stopped working at the garage when the parties separated in 1993.
In her pre-trial affidavit, the Wife estimated her living expenses at $3,677 per month. The Husband estimated his living expenses at $2,422 per month. At the time of the dissolution hearing, the Wife was still living in the parties' 3,000 sq. ft. four-bedroom, two-bath home, while the Husband was living in a trailer. In this appeal, neither side contests the trial court's determination as to the Husband's annual gross income or its valuation of the marital assets.
The court below distributed the marital assets 40.26% to the Wife and 59.74% to the Husband. The Husband was awarded the garage and the property on which it was located. The Wife was awarded 2/3 of the proceeds from the sale of the marital residence with the remainder to the Husband. Had the trial court awarded the entire residence to the Wife, each party would have received close to 50% of the marital assets.
Section 61.075(1), Florida Statutes (1995), mandates an equitable distribution of net marital assets unless an unequal distribution is justified based on all relevant factors. "[T]he starting point (and perhaps the finale), in equitably distributing marital assets is an even division of such assets unless the trial court expresses justifications for an unequal division." Shepard v. Shepard, 584 So.2d 1123, 1124 (Fla. 4th DCA 1991). Such a justification must "comport with reason and logic." Lagstrom v. Lagstrom, 662 So.2d 756, 757 (Fla. 4th DCA 1995). "In view of the law's bias toward equal distribution of marital assets to the parties, it is particularly vital to make findings in cases ... where the distribution is admittedly not equal." Ingle v. Ingle, 640 So.2d 223, 224 (Fla. 5th DCA 1994); see Rosenfeld v. Rosenfeld, 597 So.2d 835, 839 (Fla. 3d DCA 1992) (equitable distribution statute requires that specific factual findings be made and included in judgment).
Here, the marital property was divided unequally, with the Wife receiving only 40.26% of the assets, for a distribution $146,667 less than that of the Husband. The unequal division required that the trial judge provide an express justification comporting with logic and reason.
The judgment includes a finding that the trial court was impressed with the Husband's financial support of the Wife's children but does not give this or any other finding as its basis for the unequal distribution of marital assets. At the hearing, the court was concerned about possible ground soil contamination at the garage, but this was also not cited by the trial court as a justification for unequal distribution. Further, such grounds would have been at best speculative given the record in this case.
The only express justification given by the trial court for its unequal division of the marital assets was its statement at the hearing that the unequal distribution would be balanced by the award of permanent periodic alimony. While equitable distribution can have an influence on alimony, the award of permanent periodic alimony should not have an effect on equitable distribution.

*88 Equitable distribution of the parties' marital assets is the first order of business in a dissolution case. Only after that is accomplished, can the relative post-dissolution financial situations of the parties be ascertained and compared, and the need of one party for additional support and the ability of the other to pay it, be determined.
Paul v. Paul, 648 So.2d 1211, 1212-13 (Fla. 5th DCA 1995) (footnote omitted); cf., Hamlet v. Hamlet, 583 So.2d 654, 656 (Fla.1991) (alimony may appropriately be used to balance inequities resulting from property disposition).
While an award of permanent periodic alimony is based on need and ability to pay, equitable distribution is based on fairness. Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980). Furthermore, equitable distribution is more permanent than so-called "permanent" alimony, which may be modified based upon a change in circumstances. See, e.g., Hackney v. Hackney, 560 So.2d 423 (Fla. 4th DCA 1990). Therefore, we find that the trial court abused its discretion by failing to distribute the marital assets equally.
The Wife also argues that the trial court erred in awarding her only $1,600 a month in permanent periodic alimony out of the Husband's estimated monthly income of $5,000. The Husband does not dispute the Wife's need for some permanent periodic alimony but contends that the trial court did not err in determining the amount after taking into consideration the Wife's need and his financial ability to pay.
The Wife's poor health, combined with the fact that she had spent the bulk of this long-term marriage working at the garage, which was awarded to the Husband, warranted an award of permanent periodic alimony. See Moler v. Moler, 508 So.2d 520 (Fla. 4th DCA 1987). However, we find no abuse of discretion in the amount of alimony awarded. See Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986).
In her final point on appeal, the Wife argues that the award of twenty percent of her reasonable attorney's fees is insufficient. An order such as this determining entitlement to attorney's fees without determining the amount is not ripe for appellate review. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SHAHOOD, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur in the majority opinion, but would add that we recognize that the trial court has discretion to reconsider the alimony award in light of the substantial change in asset distribution.