PETERSON, Chief Judge.
Danny Fuller appeals a final judgment of dissolution of marriage from Nancy Jane Fuller. We grant his request to have the financial aspects of the judgment vacated and remand for reconsideration.
At the time of the dissolution, the parties were in their mid-forties and had been married for twenty-four years. The husband’s gross wages were $4,256 per month and the wife’s were $1,613 per month. The trial court awarded over 70% of the $111,000 in *1193 marital assets to the •wife. In addition she was awarded $750 per month alimony, the cost of her health insurance and her attorney’s fees of $4,475. None of the factors set forth in section 61.075(1), Florida Statutes (1993) were referenced in the final judgment to support a justification for such a disparate distribution of marital assets.
The trial court may have been partially misled by the husband’s declaration that the marital home should be distributed to the wife. The trial judge obliged, but did not equalize that allocation with other distributions to the husband. The husband attempted to have the trial court rectify the lopsided distribution in a motion for rehearing to no avail.
Upon remand, the trial court in his final judgment shall make the findings required by section 61.075(3), and, if a lopsided distribution of marital assets is repeated, he shall set forth reasons justifying that distribution. Further, the court shall reconsider who will cover the wife’s need for health insurance as well as the award of alimony and attorney’s fees. In other words, the trial court shall reassess the “whole picture” upon remand. Shepard v. Shepard, 584 So.2d 1123 (Fla. 4th DCA 1991).
Because this matter was submitted to the trial court for its decision based upon a report of a special examiner and because time may have dimmed recollection, it is suggested that the parties’ attorneys be allocated time to make their closing arguments.
REVERSED AND REMANDED.
HARRIS and ANTOON, JJ., concur.