JOANOS, Judge.
Appellant, Carla R. Edwards, former wife, appeals from a final judgment of dissolution of marriage. She argues six points. We find reversible error as to two of the six points raised, and reverse as to those two issues.
Appellant correctly asserts error in the division of marital assets, as it pertains to the trial court’s treatment of her $80,000 non-marital asset, which she contributed to purchase the marital home. The trial court found the wife failed to overcome the presumption that a gift was intended when her non-marital $30,000 fund was used as the down payment on the parties’ jointly-titled property. Based on this finding, the court classified the house as a marital asset. The court then expressly noted that since the wife contributed non-marital funds to the purchase of the home, her contribution would be considered in making the equitable distribution.
Unfortunately, the trial court did not credit the wife for her $80,000 contribution in the equitable distribution, and there is nothing in the final judgment which explains or addresses this omission. The failure to credit the wife for her contribution of traceable non-marital funds undermines the court’s rationale for its admittedly unequal division of marital assets and liabilities. On remand, the trial court should award the wife the $30,000 credit, or explain why she is not entitled to this credit.
We also agree with the wife’s assertion that the court abused its discretion in failing to award attorney’s fees to the wife, to be paid by the husband. The factors to be considered in establishing the predicate for an award of attorney’s fees in a dissolution of marriage proceeding are need and ability to pay. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Miller v. Miller, 661 So.2d 381 (Fla. 1st DCA 1995). Attorney’s fee awards are allowed to assure that each party has a similar ability to secure competent legal counsel. See Mishoe v. Mishoe, 591 So.2d 1100 (Fla. 1st DCA 1992). To determine whether the trial court abused its discretion in denying an award of attorney’s fees, the final judgment must be examined as a whole. See Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991); Steadman v. Steadman, 645 So.2d 581, 582 (Fla. 1st DCA 1994).
An examination of this record convinces us that some attorney’s fees should have been awarded to the wife. The husband has an expense account for entertainment, and the company pays for his automotive insurance and tag, reimburses him for his truck payment, and covers 95% of his automotive maintenance. His stated monthly income of $3,300 does not encompass those benefits. The wife’s testimony established that she borrowed money from her mother for attorney’s fees, borrowed the children’s transportation expense from her ex-husband to enable them to visit their father, and borrowed against her automobile for living expenses during a period of involuntary unemployment. In addition, the wife was assigned most of the marital debt. A view of the record as a whole demonstrates the trial court abused its discretion in failing to award attorney’s fees to the wife.
Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion.
BOOTH and WOLF, JJ., concur.