793 So.2d 1061 (2001)
Yosi GIL, Appellant/Cross-Appellee,
v.
Mirit MENDELSON, Appellee/Cross-Appellant.
Nos. 3D01-446, 3D00-362, 3D00-904 and 3D00-3050.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Rehearing and Rehearing Denied September 19, 2001.
Hall, David and Joseph and Michael L. Cotzen and Andrew Hall, Miami, for appellant/cross-appellee.
Michael S. Kaufman, Miami; Cynthia L. Greene, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
Rehearing and Rehearing En Banc Denied September 19, 2001.
SCHWARTZ, Chief Judge.
The primary point on these multiple appeals from the final judgment of dissolution and several post-judgment orders involves what we find to be the husband's meritorious attack upon the unequal division of their property in equitable distribution. The trial judge's reason for awarding the wife substantially more than 50% of the assets, the husband's superior earning capacity,[1] as a matter of law does not justify any such result.[2]Dease v. Dease, *1062 688 So.2d 454 (Fla. 5th DCA 1997); see Barner v. Barner, 716 So.2d 795 (Fla. 4th DCA 1998); Reynolds v. Reynolds, 615 So.2d 243 (Fla. 3d DCA 1993); Weimer v. Weimer, 677 So.2d 86 (Fla. 4th DCA 1996). We also agree with the husband's position that to correct this legal error by effecting the substantially equal distribution which is required in the now-determined absence of any cognizable reason not to do so, Adams v. Adams, 677 So.2d 6 (Fla. 5th DCA 1996); Paul v. Paul, 648 So.2d 1211 (Fla. 5th DCA 1995); Lagstrom v. Lagstrom, 662 So.2d 756 (Fla. 4th DCA 1995); Sinclair v. Sinclair, 594 So.2d 807 (Fla. 3d DCA 1992), it is necessary only to require, instead of the present award of the parties' entire interest in their $420,000 apartment in Israel to the wife, the equal division of this asset between the two, with credit to the husband of the value of a men's watch collection which was awarded to him but which the wife has wrongly retained.
This disposition moots most of the other points presented. To the extent that it does not, we find no error with the exception that, as the husband now agrees, and as the initial trial judge provided (albeit somewhat ambiguously), he shall be liable for the payments on the wife's vehicle. No further proceedings below other than the entry of orders to conform with these holdings will be required, and the judgment and orders under review are otherwise affirmed.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] In this respect, the final judgment provided:

9. The Court is aware that this is an unequal distribution of the debts and assets which favors the Petitioner. The reason for doing so is due to the Respondent's superior economic circumstances. He has consistently made a six figure income. The Respondent [sic] simply does not have the capacity to make that kind of income. Even with an advanced degree, she would be starting a career at an entry level income at the approximate age of forty.
[2] We note that there is no basis for upholding the unequal portion of the distribution as lump sum alimony by another name. See Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981)(error in nomenclature as to domestic awards immaterial). To the contrary, the final judgment contains an ample rehabilitative alimony provision. Indeed, although the husband initially challenged that award as beyond his means, he agreed to withdraw that contention at oral argument, if, as we now require, the equitable distribution is equalized. The wife's claim that permanent alimony was required is without merit.