PER CURIAM.
In this post-dissolution case, Yosi Gil (“former husband”) appeals from an order denying his motion to compel the sale of real property and equitably distribute the proceeds pursuant to a court order. We reverse.
In 1997, appellee Mirit Mendelson (“former wife”) filed a petition for dissolution of marriage in the trial court. After more than two years of litigation and one appeal, this Court reversed the trial court’s judgment in Gil v. Mendelson, 793 So.2d 1061, 1062 (Fla. 3d DCA 2001), stating:
We also agree with the husband’s position that to correct this legal error by effecting the substantially equal distribution which is required in the now-determined absence of any cognizable reason not to do so, it is necessary only to require, instead of the present award of the parties’ entire interest in their $420,000 apartment in Israel to the wife, the equal division of this asset between the two, with credit to the husband of
*826 the value of a men’s watch collection which was awarded to him but which the wife has wrongly retained.
Thereafter, the trial court entered an amended final judgment equally dividing the property in Israel with a credit in favor of the former husband for $102,500, to account for the watch collection.
Shortly after this Court’s mandate, the former wife conveyed her portion of the Israeli property to her father. This frustrated the former husband’s efforts to carry out the court’s judgment.
The former husband then moved for the trial court to exercise its personal jurisdiction over the former wife and direct the parties to hire an independent listing agent to execute any documents necessary to effectuate the sale of the apartment in Israel. The former husband also sought to have the former wife remove or discharge any liens on the property authorized by her in favor of her father.
The former wife opposed this motion, claiming that the trial court did not have in rem jurisdiction over the property in Israel. The trial court agreed with the former wife and determined that jurisdiction regarding the sale was with the courts in Israel. Thus, the trial court denied the former husband’s motion to compel the sale and discharge of liens on the Israeli property. The former husband then filed the instant appeal.
First, we agree with the former husband that pursuant to Section 48.193(l)(e), Florida Statutes (2002), the pleadings filed by the parties invoke the trial court’s in personam jurisdiction to equitably distribute all property owned by the parties, regardless of the property’s location. See Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989). In addition, the parties’ initial pleadings expressly requested that the trial court take jurisdiction and equitably distribute all real and personal property owned by the parties. Thus, the trial court clearly had jurisdiction to order the sale of the Israeli property. See Orbe v. Orbe, 651 So.2d 1295, 1297 (Fla. 5th DCA 1995).
Second, we also agree with the former husband that the trial court had the inherent jurisdiction to enforce both its own orders and this Court’s opinion in Gil v. Mendelson, 793 So.2d 1061 (Fla. 3d DCA 2001). See Hoskin v. Hoskin, 349 So.2d 755 (Fla. 3d DCA 1977) (courts retain jurisdiction to enforce executory provisions, like those in this case, contained in a final judgment of dissolution of marriage); see also State Farm Mut. Auto. Ins. Co. v. Stack, 543 So.2d 782 (Fla. 3d DCA 1989) (trial court is bound to follow without question the directions and mandate of the appellate court). Here, the trial court could have ordered the parties to execute a listing agreement with an agent in Israel, accept a valid offer, and order the parties to execute documents to effectuate the lien-free, clear titled sale of the property.
Consequently, the trial court erred in refusing to compel the sale of the parties’ Israel apartment and in refusing to order the former wife to execute the necessary documents to sell the apartment and to remove or discharge any liens on the property held by her father. Because the trial court had the authority to make sure its orders were followed, it is to do whatever is necessary on remand, including using its contempt powers, to carry out this Court’s mandate and to insure that the former husband does not get shortchanged. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994). Accordingly, we reverse the trial court’s order deny *827 ing the former husband’s motion to compel sale of property in Israel.
Reversed and remanded.