COPE, J.
(concurring in part and dissenting in part).
I respectfully dissent on two issues.
I.
The trial court should not have allowed the former wife to withdraw from her stipulation that the value of the marital home was $102,500 as of 2000, and allow her to present expert testimony that the value of *184 the marital home was $94,000 as of 1999 when the valuation date for the former husband’s pension plan (value $281,167) and deferred compensation ($27,229) was set as of the date of the final hearing in 2002. This skewed the equitable distribution in the former wife’s favor as she received the marital home in the equitable distribution. The result was to unfairly reduce the amount of offsetting assets the former husband received.
It is revealing that the wife requested an appraisal as of 1999, not 2000. If there was anything wrong with the stipulated value of $102,500 as of 2000 (or the court-established value of $105,000 as of 2000), then the wife would have asked her appraiser to value the property as of 2000. The trial court should reinstate the previously stipulated value of $102,500 for the marital home.[1]
Since this would increase the wife’s assets by $8,500 it would then be a matter for the court’s discretion how to readjust the equitable distribution to the husband. One solution would be to reduce the wife’s share of the husband’s pension by $4,250.
II.
The majority opinion deletes $11,337 in lump sum alimony which was awarded to the wife. I acknowledge that this is being done because of a concession by the wife’s counsel at oral argument.
However, when counsel conceded the point she referred to this amount as a “wash.” That suggests to me that counsel did not fully understand the question she was being asked. As a result of the majority’s ruling, there is no longer a “wash.” The wife will now owe the husband $11,337. Perhaps the wife meant to agree to this, but I doubt it.
The root of the problem is the majority’s misperception that the $11,337 in lump sum is some sort of mathematical mistake. There is no mistake.
The background is this. The husband is a police detective. The wife works, but has a significantly lower income than the husband. The trial court ordered the husband to pay alimony and child support to the wife.
The trial court equitably distributed the parties’ assets. The wife received a greater share of the marital assets. The judgment shows that a payment of $11,337 is required from the wife to the husband to equalize the equitable distribution.
The trial court recognized that the wife has no cash assets with which to pay the husband $11,337, and no realistic borrowing power. In view of this practical problem, the trial court’s solution was to award lump sum alimony of $11,337 from the husband to the wife. This created a “wash” and eliminated any possibility that the wife would be required to come up with $11,337 to pay the husband.
The trial court recognized that a justification would be needed for this unequal equitable distribution. In the judgment, the court gave two reasons. First, the court said that the wife’s earning power is lower than the husband’s. Second, the court said, “As a result, in part, of the Husband’s failure to pay all support ordered during the parties’ separation the Wife has incurred substantial debt.” Final judgment ¶ 45 i. The testimony indicated that the wife incurred over $13,000 of debt during the course of the proceedings.
*185 Regarding the first reason, unequal earning power, it appears that the award of lump sum alimony cannot be justified on this basis. See Gil v. Mendelson, 793 So.2d 1061 (Fla. 3d DCA 2001). The court already made an adjustment for lower earning power by awarding permanent periodic alimony and child support.
The second stated reason, compensation for unpaid support, cannot be sustained on the facts of this case. That is so because elsewhere in the judgment the trial court ordered the husband to pay $100 per month toward the arrears until arrears are paid in full. Since the husband must repay the arrearage, the same arrearage cannot be used as a setoff for the unequal equitable distribution.
Since both of the reasons stated in support of the lump sum alimony award are faulty, I concur that the lump sum alimony award should be vacated.
The next question is what remedy to impose. “A trial court’s decisions in a dissolution proceeding should be considered interrelated and part of an overall scheme.” Reynolds v. Reynolds, 615 So.2d 243, 244 (Fla. 3d DCA 1993); see also Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991). In Reynolds this court reversed the trial court’s valuation of a pension plan and then remanded for further proceedings to revalue the assets and adjust the distribution of assets and liabilities. 615 So.2d at 244.
In this case the trial court was at considerable pains to be sure that the wife did not have to come up with $11,337 to pay the husband at this time. She has no realistic way to do so. It is illogical to require the wife to pay the husband a large sum of money at the very same time the husband is paying the wife alimony and child support.
We should send the matter back to the trial court to determine how to shift $11,337 from the wife’s assets to the husband’s assets. One way to do this would be to reduce the wife’s share, and increase the husband’s share, of the husband’s pension by $11,337.
III.
With the above-stated exceptions, I concur in affirming the judgment.

. At the 2002 final hearing, the husband testified that in his opinion the marital home was then worth $135,000. While as an owner the husband is entitled to give his opinion on value, it is within the trial court’s discretion to reject it. I do not quarrel with the trial court's decision to do so. But the trial court should have set the value at $102,500 at least.