987 So.2d 713 (2008)
Douglas J. HELLING, Appellant/Cross-Appellee,
v.
Mary C. BARTOK, Appellee/Cross-Appellant.
No. 1D07-5110.
District Court of Appeal of Florida, First District.
June 18, 2008.
Rehearing Denied August 11, 2008.
*714 Douglas J. Helling, pro se, Appellant/Cross-Appellee.
Thomas J. Morton of the Morton Law Center of Tallahassee, P.A., Tallahassee, for Appellee/Cross-Appellant.
BENTON, J.
Douglas J. Helling appeals a supplemental final judgment setting alimony at $1,500 per month and adjudicating an $18,000 arrearage. The former wife, Mary C. Bartok, cross-appeals, arguing the amount of alimony is insufficient. Except as to the amount of the arrearage, we affirm both on the appeal and on the cross-appeal.
The parties' eleven-year marriage came to an end with entry of a final judgment on August 31, 2004, that neither party appealed. Deciding the former wife was entitled to permanent periodic alimony, the original judgment recited that the former husband would "not have the ability to pay alimony until he graduates [from law school] in May or June 2006, and gains full time employment thereafter," abated the alimony award until that time, and decreed that the former wife "need not show a substantial change of circumstances, but only the *715 Husband's financial ability to pay in order to establish a basis for the Husband's obligation for alimony."
The original judgment also ordered that the former wife's share of the marital home sale proceeds be placed in trust, and that "the trustee, on the first of every month, until further order of this Court, shall pay $2,000 directly to the Wife," stating that the former wife "shall be supported... from her share of the proceeds of the sale of the marital home, until this Court determines that the Husband has the ability to pay alimony."
The proceedings culminating in the supplemental final judgment under review began on November 2, 2006, when the former wife filed a petition to vacate abatement of alimony. The petition to vacate abatement of alimony alleged that the former husband had graduated from law school, had begun full-time employment as an attorney "[o]n or about June 2006," and was thus able to pay alimony. The petition requested that the court establish the former husband's permanent periodic alimony obligation "retroactive to the date Former Husband regained the financial ability to pay same."
Acting on the petition, the trial court set the former husband's monthly alimony obligation at $1,500, and ordered the husband to pay off an alimony arrearage at a rate of $300 per month. The supplemental final judgment calculated the arrearage at $18,000 based upon the trial court's view that the obligation arose once the former husband had begun full-time employment as an attorney, which the trial court found to have been in June of 2006. We review the amounts[1] of the trial court's alimony determinations for an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Smyth v. Smyth, 959 So.2d 414, 415 (Fla. 1st DCA 2007).
*716 Although the former husband reported expenses which exceeded his net pay, we find no abuse of discretion in the trial court's decision that the former husband, whose gross pay amounts to $7,916.67 per month and who earns net monthly income of $6,235.87, has an ability to pay $1,500 per month in permanent alimony. Cf. Weimer v. Weimer, 677 So.2d 86, 88 (Fla. 4th DCA 1996) (finding no abuse of discretion in awarding former wife $1,600 per month in permanent periodic alimony where former husband earned $5,000 per month); Rey v. Rey, 598 So.2d 141, 144-45 (Fla. 5th DCA 1992) (remanding for trial court to consider increasing alimony award of $1,000 per month to former wife where former husband earned $5,814 per month and claimed monthly expenses totaling $6,279). The trial court found that the former wife's net income from employment amounted to $1,427.32 per month.
The former husband contends the trial court erred in making his alimony obligation retroactive to July 1, 2006,[2] whatever the monthly amount, inasmuch as the former wife did not file her petition to vacate abatement of alimony until November 2, 2006. In this connection, he invokes the familiar rule that trial courts may make alimony modifications retroactive only to the date the party seeking the modification filed the petition for modification. See Ray v. Ray, 707 So.2d 358, 360 (Fla. 2d DCA 1998) ("A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto, but it cannot modify alimony that was due prior to the filing of the petition."); see also Burkhart v. Burkhart, 731 So.2d 733, 734 (Fla. 1st DCA 1999); Fenner v. Fenner, 599 So.2d 1343, 1345 (Fla. 4th DCA 1992); § 61.14(1)(a), Fla. Stat. (2007) (providing that a "court may modify ... alimony by increasing or decreasing the ... alimony retroactively to the date of the filing of the action or supplemental action for modification as equity requires"). With regard to retroactivity, a petition to vacate abatement of alimony is difficult to distinguish from a petition for modification of alimony. The trial court erred in deciding the former husband should be ordered to pay alimony retroactively to a date before the petition to vacate abatement was filed. The trial court erred to the extent it included in the arrearage alimony for the period from July 1 to November 2, 2006.
On cross-appeal, the former wife argues that the trial court set the amount of alimony too low because it considered payments she receives from the trust established under the original judgment of dissolution in determining the extent of her need for alimony.[3] She asserts she should not be required to deplete her assets to provide for her support. While it has been said that a trial court should not require a former spouse in need of alimony *717 to deplete assets in order to maintain the standard of living that obtained during the marriage, see Batson v. Batson, 821 So.2d 1141, 1142 n. 3 (Fla. 5th DCA 2002); Hanks v. Hanks, 553 So.2d 340, 343 (Fla. 4th DCA 1989), the trial court properly considered "[a]ll sources of income available to either party," along with the "nonmarital and the marital assets and liabilities distributed to each" in determining the amount of alimony. § 61.08(2)(d), (2)(g), Fla. Stat. (2007); see also Weimer, 677 So.2d at 87 (observing that "equitable distribution can have an influence on alimony"). Pursuant to section 61.08(2), the trial court was required to take into account the fact that the former wife receives $2,000 per month from the trust in determining her need for alimony.
Affirmed in part, reversed in part, and remanded with directions to reduce the amount of the arrearage to reflect that the petition to vacate abatement of alimony was filed on November 2, 2006.
BROWNING, C.J., and ALLEN, J., concur.
NOTES
[1] The former husband argues that the trial court erred by failing to make a specific finding regarding the standard of living the parties enjoyed during the marriage. In the supplemental final judgment, the trial court made no finding regarding the parties' standard of living during the marriage. See § 61.08(2)(a), Fla. Stat. (2007) (requiring trial courts awarding alimony or maintenance in dissolution proceedings to consider, among other things, "[t]he standard of living established during the marriage" in "determining a proper award"). Although such an omission can constitute reversible error, see Brooks v. Brooks, 678 So.2d 1368, 1370 (Fla. 1st DCA 1996); Solomon v. Solomon, 861 So.2d 1218, 1221 (Fla. 2d DCA 2003), a party will not be heard to complain of an absence of factual findings for the first time on appeal. See Simmons v. Simmons, 979 So.2d 1063 (Fla. 1st DCA 2008) ("[A] party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing."); Owens v. Owens, 973 So.2d 1169, 1170 (Fla. 1st DCA 2007) (holding party's failure to challenge adequacy of factual findings in the trial court rendered issue unpreserved for appellate review); Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001) ("The time to request findings is when the case is pending in the trial court.... If the judgment is entered without required findings, then a motion for rehearing should be filed, requesting findings."). See also Esaw v. Esaw, 965 So.2d 1261, 1265 (Fla. 2d DCA 2007) ("We have not ... held that an order which lacks a finding required under section 61.08 ... is fundamentally erroneous simply by virtue of the technical deficiency in the trial court's findings. There is no general rule that the lack of statutorily required findings constitutes fundamental error."). In the present case, the former husband never asked the trial court to make a specific finding regarding the parties' standard of living during the marriage, although he sought rehearing of the supplemental final judgment on various other grounds. Because the former husband failed to "bring the alleged deficiency to the trial court's attention at a time when it might have been corrected," he waived his objection that the order failed to include a specific finding required by section 61.08. Simmons, 979 So.2d at 1064.
[2] Not without force, moreover, the former husband contends that the only competent evidence of record demonstrates that he began work as an attorney, not in June of 2006, but on August 21, 2006.
[3] The petition to vacate abatement of alimony did not seek to modify the original judgment, although the subject of the trust came up at hearing and the former wife argues on appeal, as she did in a motion for rehearing below, that the trial court should have released to her whatever funds remained in the trust, upon determining the former husband had the ability to pay alimony, because the sole purpose of the trust was to provide for the former wife's support until the former husband had an ability to pay alimony. The original judgment does not require distribution of trust funds when the former husband begins to pay alimony or becomes able to do so. Nor does it prevent the former wife from continuing to receive payments from the trust after the former husband regains his ability to pay alimony. Inasmuch as the originally stated purpose for the trust does seem to have been fulfilled, however, we affirm without prejudice to any proceeding to modify the original judgment so as to require that the corpus of the trust be distributed to the former wife.