FLEMING, J., Associate Judge.
Melissa Janssens timely appeals a final judgment of dissolution of marriage rendered October 2, 2009 (nunc pro tunc September 8, 2009). She raises a single issue on appeal — whether the trial court abused its discretion by awarding her alimony of only one dollar per month. For the reasons set forth below, we find that the court did abuse its discretion and reverse and remand for further proceedings consistent with this opinion.
Melissa and Bruce Janssens were married on September 24, 1994. They have one child, Kimberly, born July 14, 1998. The couple separated in June 2008. The parties were able to reach an agreement regarding a parenting plan and time-sharing schedule. By the time of trial in August 2009, the remaining issues were equitable distribution, alimony, child support and attorney’s fees.
In reaching its alimony award of one dollar per month, the trial court considered the relevant economic factors set forth in section 61.08(2), Florida Statutes (2009). The court first observed that the parties enjoyed an upper middle-class lifestyle but had lived well beyond their means. At the time of the marriage the Husband had a bachelor degree and the Wife had an associate degree. The Husband worked as a computer software consultant and the Wife worked as an associate editor for a publishing company. She did not work outside the marital home after the birth of their child, but had been looking for employment since the parties separated and testified that she had just recently started working part-time for an online construction journal.
At the time of trial, the court found the Husband to have a monthly gross income of $7,667 from his work as an independent contractor in another state. After deductions, his net income is $5,475 per month. The wife was found to have a monthly gross income of $520, resulting in a net of $480 per month.
The parties’ liabilities included a 2007 Internal Revenue Service (IRS) debt of $12,000, a 2008 IRS debt of $18,000, a promissory note owed to a friend of the Husband for $24,750, a personal loan from a relative for $12,000, various credit card and other consumer debts totaling $19,468, and $900 for a horse they once owned for their daughter. The court apportioned *1185 their respective liabilities resulting in debt to the Husband of $57,184 and debt to the Wife of $29,934.
Regarding the Wife’s need for alimony, the court considered her financial affidavit and noted that many of her expenses were high. After reducing them and imputing minimum wage, the court found the Wife to have a need of $3,119 per month. Despite the Wife’s significant need for spousal support and the great disparity in the parties’ income, the court found that the Husband’s liabilities, which the court also reduced, meant that he did not have sufficient funds to support himself and, therefore, had no present ability to pay.[1]
It has long been established that “need” and “ability to pay” are the primary elements to be considered by a court in determining permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).[2] In this case, the parties agree that the Wife has a need for spousal support. What is in dispute is whether the former Husband has the ability to pay.
The court found that the Husband did not have sufficient monies to support himself “in light of the child support he is required to pay....” The Wife cites this statement from the final judgment[3] as proof that the court improperly determined child support before calculating alimony. However, the record shows this is not the case. Instead, the court was merely noting that when considering the Husband’s child support obligation, along with his other liabilities, he lacks the present ability to pay alimony.
The real problem in this case is not the court’s child support calculation. Rather, it is the court’s conclusion that the parties’ pre-existing debt, most of which was apportioned to the Husband, takes priority over the Wife’s current needs. We are unaware of any authority which would compel such a conclusion.
The trial court in Helling v. Bartok, 987 So.2d 713 (Fla. 1st DCA 2008), was faced with a similar situation. Mr. Helling’s reported expenses exceeded his net monthly income of $6,235.87 per month. The wife’s net income from employment amounted to $1,427.32 per month. The court found no abuse of discretion in the trial court’s decision that the husband had an ability to pay $1,500 per month in permanent alimony. See also Rey v. Rey, 598 So.2d 141, 144-45 (Fla. 5th DCA 1992), where the case was remanded for the trial court to consider increasing an alimony award of $1,000 per month to the former wife who had been “shortchanged” where the former husband earned $5,814 per month and claimed monthly expenses totaling $6,279.
The Husband argues that the court had no choice but to protect his creditors because if he lost his job due to a debt *1186 problem, then he would totally be unable to support his child. He testified that a lot of companies, like his current employer, do background checks, and a bankruptcy “might raise some red flags.” But so might the foreclosure the parties were already facing.[4] The Husband also contends that the IRS debt should be given some priority because it would have the power to garnish his wages. This argument ignores the fact that the final judgment already assigns $21,000 of the $30,000 IRS debt to the Wife.
Although the trial court made efforts to adhere to Florida’s alimony statute, the Husband was left in a much better position to deal with his post-dissolution debts than was the Wife. The Wife, who needs more than $3,000 per month, was left to support herself and her daughter on (imputed) income of minimum wage plus child support, a total of roughly $2,000 per month. On the other hand, the Husband, who lives alone, continues to net over $4,000 per month even after the payment of child support. For these reasons we conclude that the trial court abused its discretion in making its alimony determination.
We remand for the trial court to reconsider the income of the parties and their financial needs and obligations in making some increase in the permanent periodic alimony.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.

. The court did order the Husband to pay periodic alimony of One Dollar ($1.00) per month to allow the court to retain jurisdiction should the Wife file for modification. The court also noted that the Husband would be receiving a $2,700 per diem travel reimbursement and ordered that it be paid to the Wife as a lump-sum supportive alimony.

. Effective January 1, 2011, section 61.08(2), Florida Statutes, has been amended to expressly require the court to first make a specific factual determination of "actual need” and "ability to pay” in determining whether to award alimony or maintenance.

.The court’s full statement found at paragraph lOg. of the final judgment is as follows: "Although the Court finds the Wife will have a net need in excess of $3,119 per month even if minimum wage was imputed to her, the Court finds that the Husband does not have sufficient monies to support himself, in light of the child support he is required to pay under Paragraph 11 below [$1,196 per month, including $200 arrearage]. Although the Court finds that the Wife has a need for spousal support, the Court also finds that the Husband does not have the present ability to pay.”

. The marital home, which was about to go into foreclosure, was encumbered by a first mortgage and a home equity line of credit. The final judgment notes that mortgage payments were approximately four months in arrears and the court found the house to have a negative value exceeding $81,000. The parties were ordered to effectuate a "short sale” and to share any deficiency equally.