PER CURIAM.
This cause comes before us on the husband’s appeal from the final judgment entered by the trial court dissolving the marriage of the parties and establishing a parenting plan. We reverse and remand as to two issues raised by the husband as discussed below. We affirm the judgment in all other respects without comment.
First, the judgment below erred by requiring a specific annuity election related to the husband’s retirement income plan in the absence of record support. See, e.g., Steadman v. Steadman, 645 So.2d 581, 582 (Fla. 1st DCA 1994) (requiring the scheme of distribution devised by the trial court to be supported by competent substantial evidence). Specifically, the judgment required that the parties “shall cooperate to elect the 50% Joint and Survivor Annuity with the Wife named as beneficiary.” However, evidence does not exist in the record that provides a foundation for requiring this specific annuity election — neither confirming whether this option has been made available to the par *956 ties, nor specifying the terms under which it is available to them. For this reason, we reverse this aspect of the final judgment.
Second, the husband challenges and the wife concedes error as to the parenting plan’s provision for “Extra-curricular Activities.” The Plan states that “[t]he cost of extra-curricular activities shall be divided proportionally to the parties’ respective incomes.” But we can find no evidence supporting a division of extracurricular costs based on the parties’ respective incomes. Rather, the evidence adduced at the hearing supports a different, conflicting provision found in the final judgment stating that the parties will “equally share the cost” of current and future extra-curricular activities. Accordingly, we reverse and remand the parenting plan for revision consistent with the evidence and terms of the final judgment.
AFFIRMED in part, REVERSED and REMANDED for further proceedings consistent with this opinion.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.