862 So.2d 780 (2003)
Donald H. HOIRUP, Appellant,
v.
Thora H. HOIRUP, Appellee.
No. 2D02-1079.
District Court of Appeal of Florida, Second District.
November 14, 2003.
Rehearing Denied January 13, 2004.
*781 Mark A. Neumaier, Tampa, for Appellant.
David T. Weisbrod, Tampa, for Appellee.
STRINGER, Judge.
Donald Hoirup, the Former Husband, seeks review of the trial court's scheme of equitable distribution in the final judgment of dissolution of marriage. The final hearing was not recorded, and no statement of the evidence was prepared. Because the trial court's equitable distribution of marital assets is fundamentally erroneous on the face of the final judgment, we reverse and remand as to the trial court's equitable distribution scheme. We affirm the final judgment of dissolution in all other respects.
The Former Husband and the Former Wife, Thora Hoirup, were married for sixteen years and have no children together. The Former Husband was seventy-four years old on the date of the final judgment, and the Former Wife was fifty-nine years old. After consideration of the factors set forth in section 61.075(3), Florida Statutes (2001), the trial court made an award of equitable distribution of the parties' marital assets as follows: to the Former Wife, $211,331.60 from the proceeds of the sale of the marital home and $26,550 in tangible personal property, totaling $237,881.60 in assets;[1] to the Former Husband, all of the right, title, and interest in and to World America, Inc., the corporation formed in connection with the operation of the parties' marital business, Tan Four Seasons Salon, $187,000 from the proceeds of the sale of the marital business, and $60,210 in tangible personal property, totaling $247,210 in assets. The *782 Former Husband claims the trial court erred by awarding him $187,000 in proceeds from the sale of the marital business, since the proceeds had yet to be collected and were the subject of a lawsuit in California. We agree.
In reviewing a trial court's equitable distribution of marital assets, the equitable distribution scheme will be upheld absent an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, where a trial transcript or proper substitute does not appear in the record on appeal, the trial court's order must be upheld unless the order is fundamentally erroneous on its face. Bank of Va. v. Estate of Ingraham, 564 So.2d 627 (Fla. 2d DCA 1990); Hirsch v. Hirsch, 642 So.2d 20, 21 (Fla. 5th DCA 1994).
Section 61.075(1) requires that the trial court distribute marital assets and liabilities between the parties "beginning with the premise that an equal distribution should occur." Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003). However, a trial court may make an unequal distribution of assets, provided the court supplies a specific finding of fact to justify its unequal distribution. Id.
In this case, the trial court's distribution scheme ostensibly awarded to the parties a substantially equal distribution of assets, with the proceeds from the sale of the marital business constituting the major asset awarded to the Former Husband. However, while the marital business was sold for $187,000, the trial court states in the final judgment that "the undisputed testimony establishes that the parties have not received any of the payments in connection with that sale" and that "there is a pending lawsuit in the State of California regarding collection of the sale price."
It is thus apparent from the face of the final judgment that the trial court awarded the Former Husband an asset that was not in existence. The marital asset that existed at the time of dissolution was a chose in action for the sale proceeds. Cf. Seither v. Seither, 779 So.2d 331, 333 n. 3 (Fla. 2d DCA 1999) (citing Green v. Green, 64 Md. App. 122, 494 A.2d 721 (1985), for proposition that a chose in action in a contract for stock purchase is within section 61.075(5)(a)(4)'s broad definition of marital assets). Furthermore, because the Former Wife was the only plaintiff listed in the collection lawsuit, awarding the Former Husband the chose in action would remain an illusory award without a requirement that the Former Wife prosecute the collection action in good faith.
Because the proceeds awarded to the Former Husband did not exist at the time of dissolution, nor is there any evidence that they were likely to materialize pursuant to the collection action, the trial court's distribution scheme is grossly unequal. Without the value of the marital business, the remaining equitable distribution awards $237,881.60 to the Former Wife and $60,210 to the Former Husband; yet, the final judgment contains no finding of fact attempting to justify the inequity of the distribution. The final judgment is thus fundamentally erroneous on its face. Accordingly, we reverse and remand to the trial court for reconsideration of the equitable distribution scheme. We affirm as to all other aspects of the trial court's final judgment.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and DAVIS, JJ., concur.
NOTES
[1] The trial court's final judgment states the total value of the assets distributed to the Former Wife is $237,856.60. This appears to be a scrivener's error.