929 So.2d 714 (2006)
William E. HARDEE, Appellant/Cross-Appellee,
v.
Rose M. HARDEE, Appellee/Cross-Appellant.
No. 1D05-2354.
District Court of Appeal of Florida, First District.
May 25, 2006.
*715 Susan W. Fox, Esquire of Fox & Loquasto, P.A., Tampa and Wendy S. Loquasto, Esquire of Fox & Loquasto, P.A., Tallahassee, for Appellant/Cross-Appellee.
Daniel T. O'Connell, Esquire, Gainesville, for Appellee/Cross-Appellant.
BENTON, J.
William E. Hardee appeals the amended final judgment of dissolution of the parties' marriage. On his appeal, because the trial court erroneously designated certain assets and liabilities as marital, we reverse and remand for reconsideration of the equitable distribution scheme. See Noah v. Noah, 491 So.2d 1124, 1128 (Fla.1986) ("[T]he trial court should be given an opportunity on remand to reconsider the entire distribution scheme, including ... alimony, as these are interrelated remedies and part of one overall scheme."). Rose M. Hardee having abandoned the cross-appeal, we affirm on cross-appeal.
Section 61.075(1), Florida Statutes, "requires that the trial court distribute marital assets and liabilities between the parties beginning with the premise that an equal distribution should occur." Hoirup v. Hoirup, 862 So.2d 780, 782 (Fla. 2d DCA 2003) (quotation omitted). The trial court "may make an unequal distribution of assets, provided the court supplies *716 a specific finding of fact to justify its unequal distribution." Id. See also § 61.075(1), Fla. Stat. (2002). But the court should "ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980)).
The trial court erred in treating a theoretically possible settlement of Mr. Hardee's workers' compensation claim as a marital asset for purposes of equitable distribution. The evidence was that the carrier had offered Mr. Hardee a lump sum of $75,000 to settle his workers' compensation claim, but that he had rejected the offer in favor of receiving ongoing, periodic disability and medical workers' compensation benefits. No settlement had been reached, and no settlement monies were shown to be likely to materialize. See Hoirup, 862 So.2d at 782.
Any such settlement would, moreover, represent future lost wages, disability and medical expenses, not a marital asset. See Weisfeld v. Weisfeld, 545 So.2d 1341, 1345 (Fla.1989) (explaining that "noneconomic compensatory damages for pain, suffering, disability, and loss of ability to lead a normal life and the economic damages which occur subsequent to the termination of the marriage of the parties, including the amount of the award for loss of future wages and future medical expenses" constitute separate property of the injured spouse); see also White v. White, 820 So.2d 432, 434 (Fla. 4th DCA 2002) ("Only that portion of damages paid to the injured spouse as compensation for past lost wages and loss of earning capacity is to be considered marital property.").
The trial court also erred in treating a $9,000 debt incurred by Ms. Hardee after the petition was filed as a marital liability. See § 61.075(6), Fla. Stat. (2002) ("The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement . . ., or the date of the filing of a petition for dissolution of marriage."); Guelpa v. Guelpa, 885 So.2d 409, 410 (Fla. 1st DCA 2004) ("[S]ection 61.075(6), allows the trial court discretion to value assets as of different dates, but does not allow such discretion with regard to determining assets and liabilities.... The trial court erred here by including on the husband's side of the distribution, numerous liabilities incurred after the date of the filing of the petition.").
Reversed and remanded.
KAHN, C.J. and WOLF, J., concur.