959 So.2d 414 (2007)
Paula S. SMYTH, Appellant,
v.
Randolph Lyle SMYTH, Appellee.
No. 1D06-1140.
District Court of Appeal of Florida, First District.
June 21, 2007.
*415 Paula S. Smyth, pro se, Appellant.
E. Jane Brehany, Pensacola, for Appellant.
Randolph Lyle Smyth, pro se, Appellee.
PER CURIAM.
Appellant (the wife) seeks review of a final judgment of dissolution of marriage. The wife raises five issues on appeal; we find one issue has merit. The wife argues that the trial court abused its discretion in awarding her only $250 per month in permanent periodic alimony. We agree and, therefore, reverse.
A trial court has broad discretion in awarding and determining the amount of alimony to do equity between the parties. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The standard of review is abuse of discretion. See id.
Section 61.08(1), Florida Statutes (2005), requires that, in awarding alimony, the trial court shall provide findings of fact relative to the factors enumerated in subsection (2) of the statute, which provides:
In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
In the instant case, the trial court found that the wife was in need of, and the husband had the ability to pay, permanent periodic alimony. The trial court made the requisite findings of fact pursuant to section 61.08(1) and ordered the husband to pay the wife permanent periodic alimony in the amount of $250 per month. The trial court's findings of fact, however, were not consistent with the award.
Although the trial court found that the wife had sufficient education and training in her respective career to find appropriate employment, the trial court went on to find that the wife had no other source of income available to her at the time of the final judgment and was temporarily precluded from working. The trial court stated:
Presently the Wife has no other source of income available to her. Based upon findings that the Wife is staying at home to care for the parties' disabled child and other two (2) children, the Wife is *416 temporarily precluded from working in her former career as an attorney. The Husband's professional full time sailing career, however, has been largely unhindered by the birth of the parties' three (3) children. . . .
As the trial court failed to make any findings that the husband's income would preclude him from paying more, it abused its discretion in awarding the wife only $250 in permanent periodic alimony.
Accordingly, we reverse the award of $250 per month in permanent periodic alimony, and remand with directions that the trial court award the wife permanent periodic alimony in an amount consistent with its aforementioned findings of fact.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
HAWKES, THOMAS, and ROBERTS, JJ., concur.