993 So.2d 1066 (2008)
Steven A. GRIFFIN, Husband, Appellant,
v.
Stephanie L. GRIFFIN, Wife, Appellee.
No. 1D07-4033.
District Court of Appeal of Florida, First District.
June 16, 2008.
*1067 William S. Graessle, Jacksonville, for Appellant.
Dee D. Reiter of Roberts & Reiter, P.A., Jacksonville; Michael G. Tanner and Stuart F. Williams of Tanner Bishop, Jacksonville, for Appellee.
THOMAS, J.
Appellant appeals the trial court's final judgment dissolving the parties' marriage, equitably distributing their assets and liabilities, and awarding Appellee $2,500 in permanent periodic alimony. Because we find that the trial court erred by imputing income to Appellant, we reverse and remand for reconsideration of the alimony award. We affirm all other issues raised by Appellant.
A trial court's alimony award is reviewed under the abuse of discretion standard. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). When awarding permanent periodic alimony, the *1068 court must consider the statutory factors set out in section 61.08, Florida Statutes (2004), including the payee spouse's needs and the payor spouse's ability to pay. Id. at 1201. "A spouse's ability to pay may be determined not only from net income, but also net worth, past earnings, and the value of the parties' capital assets." Id. at 1202 (citing Firestone v. Firestone, 263 So.2d 223 (Fla.1972)). Past earnings, however, unless reflective of a party's expected earnings in the immediate future, cannot form the basis for an alimony award. Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994).
Appellant testified that his income in 2006 was $57,476.96, but that this was an anomaly based on unusual weather conditions and personal difficulties associated with his ongoing divorce proceedings, both of which significantly decreased his income. He testified that he did not want the court to consider this amount as his annual income and that he expected to earn $85,000 in gross income in 2007, including health insurance premiums which his business pays for himself and his family, as well as his vehicle expenses paid by his business. The trial court imputed Appellant's annual income to be $100,000 based on pre-2006 earnings and loan repayments from his business. We find that the court reversibly erred by imputing income to Appellant.
In determining the amount of alimony based on the payor spouse's income, a court may impute income when it is shown that a party is capable of earning more than he or she is currently earning. Leonard v. Leonard, 971 So.2d 263, 266 (Fla. 1st DCA 2008) (quoting Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997)). In Smith v. Smith, this court held that
[a] trial court can impute income where a spouse has failed to use his or her best efforts to earn income. A claim that a payor spouse has arranged his financial affairs or employment situation so as to shortchange the payee spouse is a valid matter to be explored in determining the payor's real ability to pay. When the obligor spouse voluntarily becomes unemployed or underemployed, the income that he or she is capable of earning may be imputed for purposes of determining an appropriate award of support.
737 So.2d 641, 644 (Fla. 1st DCA 1999) (citations omitted). No evidence was presented showing that Appellant voluntarily reduced his employment or that he failed to use his best efforts to earn income. Nor was any evidence presented showing that he arranged his financial affairs in order to shortchange Appellee. Accordingly, no record evidence justifies the court's imputation of income. See Leonard, 971 So.2d at 266.
Further, a trial court reversibly errs when it imputes income to a party without setting forth in its final judgment the amount imputed and the sources for this income. Wendroff v. Wendroff, 614 So.2d 590, 595 (Fla. 1st DCA 1993) (Booth, J., dissenting). Here, the court failed to make any findings supporting its imputation of income and the sources for this income, or explain how it arrived at its projected $100,000 in annual income to Appellant in light of Appellant's testimony that he expected to earn $85,000. We therefore reverse and remand for reconsideration of the alimony award.
AFFIRMED in part, REVERSED in part, and REMANDED.
BROWNING, C.J., and KAHN, J., concur.