995 So.2d 545 (2008)
Robert R. KOCH, Jr., Appellant,
v.
Judith Redfern KOCH, Appellee.
No. 2D07-6050.
District Court of Appeal of Florida, Second District.
August 8, 2008.
*546 Michael J. Park and Joseph R. Park of Park, Ossian, Barnaky & Park, P.A., Clearwater, for Appellant.
Kevin D. Brennan and Peter N. Meros of Meros, Smith, Lazzara & Olney, P.A., St. Petersburg, for Appellee.
WHATLEY, Judge.
Robert R. Koch, Jr. (the Former Husband) appeals the order to secure alimony that was entered after a hearing on the motion for contempt and to secure alimony award and enforce final judgment filed by Judith Redfern Koch (the Former Wife). We reverse.
The parties' marriage was dissolved in July 2006 by a final judgment that awarded the Former Wife $7046 a month in permanent periodic alimony. In late 2007, the Former Husband sent the Former Wife two letters stating that he and his new wife would be moving to St. Maarten, where he had taken a teaching job that would significantly lower his income. In anticipation of that occurrence, the Former Wife filed a motion for contempt and to secure alimony award and enforce final judgment. The motion stated that the Former Husband has up to several million dollars in retirement and/or liquid assets that should be used as security for any outstanding alimony in light of his intention to leave the country.
A hearing was held on the motion, but it was not transcribed. The trial court entered an order prohibiting the Former Husband from encumbering, transferring, or disposing of the former marital home so that it may serve as security for the award of permanent periodic alimony to the Former Wife.[1] However, the Former Wife did not mention the former marital home in her motion.[2] Because of the lack of a transcript of the hearing, we do not know if use of the home to secure alimony was tried by consent. Most significantly, the trial court's order modified the final judgment of dissolution of marriage without the Former Wife having filed an appropriate pleadinga supplemental petition to modify. See Pomeranz v. Pomeranz, 961 *547 So.2d 1068, 1070 (Fla. 4th DCA 2007) ("In order for the trial court to modify a final judgment, the moving party must present the issue by appropriate pleadings."). The court's order being fundamentally erroneous on its face, we reverse. See Hoirup v. Hoirup, 862 So.2d 780, 782 (Fla. 2d DCA 2003) ("[W]here a trial transcript or proper substitute does not appear in the record on appeal, the trial court's order must be upheld unless the order is fundamentally erroneous on its face."). In light of this disposition, we do not reach the other two issues raised by the Former Husband in this appeal.
Reversed.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] Of note is the fact that the alimony award was originally secured by a $200,000 life insurance policy. All indications are that this policy remains in effect.
[2] There is no indication that the Former Wife retained any interest in the former marital home.