HAWKES, C.J.
 

 Appellant (the former husband) challenges the trial court’s order granting Ap-pellee (the former wife) a greater share of the parties’ marital assets and awarding him $2,000 in monthly alimony. He argues the parties’ circumstances did not support an unequal distribution of then-assets and the trial court’s factual findings failed to justify the amount of alimony awarded. We agree with the former husband and reverse on both grounds.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 20, 2004, the parties, who had been married for 19 years, separated and filed for dissolution of marriage. The trial
 
 *603
 
 court held hearings regarding, among other things, how the parties’ assets should be classified and distributed. Much of the hearing testimony concerned the purchase of the marital home in Jacksonville and property jointly owned by the parties in Alabama. The parties purchased these properties with funds from
 
 their
 
 joint bank account, which was comprised of the former husband’s social security disability and contributions from the former wife’s trust account. During the dissolution proceedings, the parties sold the Alabama property and placed the proceeds in an escrow account pending the distribution of their assets by the trial court.
 
 [1]
 

 Following the proceedings, the trial court issued a judgment of dissolution which found, in part, that since the Alabama property and marital home were purchased with funds originating principally from the former wife’s trust account, she could claim the Alabama property as a non-marital asset and should be given a special equity in the marital home. Accordingly, the trial court ordered the former husband to convey his interest in these properties to the former wife. It then stated the former wife would retain exclusive occupancy of the marital home until the parties’ youngest child reached the age of majority, at which time the property would be sold and the proceeds divided equally between the parties. The trial court also ordered the former wife to pay the former husband $1,000 in monthly alimony.
 
 [2]
 

 On appeal, we found the trial court erred in finding the former wife’s financial contributions gave her a special interest in the Alabama property and marital home:
 

 The basis for the [trial] court’s determination was that the proceeds used to acquire the property were derived from the income of the wife’s separate property, an irrevocable trust that had been established for the wife by her father during the marriage. In so deciding, the [trial] court apparently overlooked the fact that the wife had placed the income into a joint checking account from which practically all of the parties’ living expenses were paid during the course of the 19-year marriage.
 

 Stough v. Stough,
 
 933 So.2d 603, 605 (Fla. 1st DCA 2006). We found the decision to commingle the parties’ funds in the joint account created a rebuttable presumption that the former wife intended one-half of the trust account funds to be a gift to the former husband.
 
 Id.
 
 at 607. Since the former wife failed to rebut this presumption, we concluded she was not entitled to special equity in the Alabama property or marital home.
 
 Id.
 
 at 607. In light of these reclassifications, we decided not to reach the issue of alimony, instead remanding the case so the trial court could “revisit the monetary awards in their totality.”
 
 Id.
 
 at 608.
 

 In the judgment on remand, the trial court listed the factors for equitable distribution found in section 61.075, Florida Statutes (2007), and made findings regarding each factor. Somewhat surprisingly,
 
 *604
 
 the trial court emphasized that the parties had used funds principally originating in the former wife’s trust account to purchase the Alabama property and marital home. As we previously held in this case, this finding is absolutely irrelevant to the distribution of the marital property.
 

 Relying upon its findings, the trial court again decided to unequally distribute the parties’ assets in the former wife’s favor in the following manner:
 

 • The trial court awarded the marital home — appraised at $534,000 — to the former wife.
 

 • From the $278,000 in escrow from the sale of the Alabama property, the trial court directed $200,000 be paid to the former husband and the remaining $78,000 be paid to the former wife.
 

 • The trial court found the former wife should pay $2,000 in permanent periodic alimony. This award was made retroactive to April 1, 2005, the date when the original judgment of dissolution was entered, requiring a lump sum alimony arrearage of $27,500.
 

 The trial court stated the former husband could meet his needs through alimony and the wise investment of the cash received from asset distribution. It also gratuitously noted that although the former husband was disabled, he had “the ability to work part time at sedentary employment.” The husband now appeals, challenging the distribution of assets and alimony award.
 

 EQUITABLE DISTRIBUTION
 

 A trial court’s ruling on equitable distribution is reviewed for abuse of discretion.
 
 See Boutwell v. Adams,
 
 920 So.2d 151, 152 (Fla. 1st DCA 2006);
 
 Christ v. Christ,
 
 854 So.2d 244, 246-247 (Fla. 1st DCA 2003). Section 61.075, Florida Statutes (2007), sets out the governing criteria for equitable distribution. Its premise is “that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors.” § 61.075(1), Fla. Stat. “Where one spouse is awarded a disproportionate share ... the trial court is required to make findings to justify the disparity.”
 
 Boutwell,
 
 920 So.2d at 152;
 
 see also Hardee v. Hardee,
 
 929 So.2d 714, 715-16 (Fla. 1st DCA 2006).
 

 Based on its findings, the trial court relied on several factors to justify the unequal distribution: the contribution to the marriage by each spouse; the economic circumstances of the parties; the length of the marriage; the desirability of retaining the marital home as a residence for the parties’ dependent children; and
 
 the fact that the marital home and Alabama property were purchased with funds originating mainly from the former wife’s trust.
 
 Contrary to the trial court’s ruling, none of these factors weigh in favor of unequal distribution.
 

 We first note the trial court improperly weighed the desirability of retaining the marital home as a residence for the parties’ children. When a trial court uses this factor to justify unequal distribution, it must first “determine if it would be in the best interest of the dependent child to remain in the marital home; and, if not, whether other equities would be served by giving any other party exclusive use and possession of the marital home.” § 61.075(l)(h), Fla. Stat. (2007). The trial court failed to indicate such considerations in its order.
 

 Moreover, the generally accepted practice in circumstances where this factor is relevant is to allow a spouse to maintain exclusive possession of the residence only until the children reach the age of majority, as the trial court had done in this case previously, at which point the residence should be sold and the proceeds divided
 
 *605
 
 equally between the parties.
 
 See Castillo v. Castillo,
 
 626 So.2d 1035, 1037 (Fla. 3d DCA 1993);
 
 Gallardo v. Gallardo,
 
 593 So.2d 522, 524 (Fla. 3d DCA 1991). Here, there were no special circumstances justifying the permanent transfer of the marital home to the former wife. Consequently, to the extent the trial court relied upon this factor to award the marital residence to the former wife, it should have granted her an exclusive interest only until the parties’ youngest child reached majority.
 

 Turning to the other factors, the factual findings emphasized the former wife provided for the parties’ financial needs through her trust account. In particular, the trial court stated the trust provided most of the funds used to purchase the marital home and Alabama property, permitted the former wife to make greater financial contributions to the marriage, and gave the former wife funds to pay the parties’ expenses. The trial court also implied the length of the marriage was important because the former wife financially supported the former husband for its duration.
 

 However, simply because the former wife contributed more money to the marriage does not, and cannot, in itself, justify unequal distribution. We have held on prior appeal that the trial court should treat one-half of the funds contributed by the former wife into the parties’ joint account as a gift to the former husband. Despite our holding, the trial court has fashioned an alternate way to give the wife full credit for the trust account funds by unequally distributing the parties’ assets, which it cannot do.
 
 See Hitchcock v. Hitchcock,
 
 992 So.2d 436, 439 (Fla. 4th DCA 2008) (stating “the unequal distribution of assets and liabilities cannot be supported based on the wife’s contribution of nonmarital funds which the court found were commingled and presumptively a gift to the husband”).
 

 Furthermore, a trial court cannot base unequal distribution on a spouse’s disproportionate financial contributions to the marriage unless there is a showing of “extraordinary services over and above the normal marital duties.”
 
 Williams v. Williams,
 
 686 So.2d 805, 809 (Fla. 4th DCA 1997) (finding the husband’s efforts as a primary wage earner did not, in themselves, justify unequal distribution). Here, the evidence does not demonstrate the former wife provided such extraordinary services on the former husband’s behalf. The trust account was established approximately one year into the parties’ marriage. Since then, the former wife has remained unemployed and allowed the account to satisfy her needs. There is no evidence she suffered hardship or made personal or professional sacrifices on the former husband’s behalf. Without such a showing, her financial contributions to the marriage do not justify unequal distribution.
 

 In short, affirming the unequal distribution in this case would give a trial court in every case the discretion to unequally distribute assets solely because one spouse has made a greater financial contribution to the marriage than the other, despite the absence of any compelling circumstances. We decline to reach this bizarre result. Therefore, we reverse the unequal distribution of the parties’ assets and remand with instructions that the marital assets be equally divided between the parties.
 

 PERMANENT PERIODIC ALIMONY
 

 A trial court has broad discretion in determining and awarding alimony.
 
 Smyth v. Smyth,
 
 959 So.2d 414, 415 (Fla. 1st DCA 2007). The standard of review for alimony determinations is abuse of discretion.
 
 See Helling v. Bartok,
 
 987 So.2d 713, 715 (Fla. 1st DCA 2008).
 

 
 *606
 
 Here, the trial court awarded the former husband $2,000 in permanent periodic alimony, plus a lump sum alimony arrearage of $27,500. It found the former husband could meet his needs based on the alimony, the wise investment of cash received from asset distribution, and “sedentary employment.”
 

 The trial court’s gratuitous comment concerning “sedentary employment” is contrary to its previous finding, made following the first trial, that the former husband’s physical disability left him “unemployable.” We concurred with this finding on appeal, stating the former husband “was permanently, totally injured” and “unemployable.”
 
 Stough,
 
 933 So.2d at 605 n. 1. On remand, without evidence or argument from the former wife, the trial court inexplicably found the husband capable of employment and imputed income to him. This was incorrect.
 

 To impute income to the former husband, the trial court was required to set “forth in its final judgment the amount imputed and the sources for this income.”
 
 See Griffin v. Griffin,
 
 993 So.2d 1066, 1068 (Fla. 1st DCA 2008);
 
 see also Porter v. Porter,
 
 873 So.2d 538, 541 (Fla. 1st DCA 2004) (reversing the denial of alimony as the trial court imputed income to a spouse without inquiring into “her current employment prospects [or] making particularized findings”);
 
 Shrove v. Shrove,
 
 724 So.2d 679, 682 (Fla. 4th DCA 1999) (reversing an alimony award as “the court failed to state an exact amount of gross income it was imputing to the wife”);
 
 Vick v. Vick,
 
 675 So.2d 714, 717 (Fla. 5th DCA 1996) (finding the trial court erred by imputing income to both parties without identifying its source). Not only was no evidence offered regarding the amount or source of the former husband’s imputed income, but the trial court has failed to make findings concerning either factor.
 

 Therefore, we reverse any finding of imputed income and remand for a reconsideration of the alimony award based on the former husband’s needs and the former wife’s ability to pay. On remand, the trial court is bound to its initial, unopposed finding that the former husband’s disability left him “unemployable.”
 

 CONCLUSION
 

 We remand with instructions that the marital assets be distributed equally and the award of alimony to the former husband be reevaluated without any consideration for imputed income.
 

 REVERSED in part and REMANDED with instructions.
 

 LEWIS and THOMAS, JJ., Concur.
 

 [1]
 

 . Immediately after the sale, each party received $100,000 from the escrow account, leaving a balance of approximately $630,000. During the dissolution proceedings, the trial court ordered that the former wife receive one-half of the remaining balance of the escrow ($310,133.20). In 2006, the trial court directed that each party receive $27,900 from the escrow account, leaving a balance of $278,000. Thus, the former wife has currently received approximately $438,000 and the former husband has received $127,900 from the sale of the Alabama property.
 

 [2]
 

 . After considering a post-judgment motion brought by the husband, the trial court increased the monthly alimony to $1,500.