# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-882
Lower Tribunal No. 10-19023
_____

**Luis Javier Diaz,**
Appellant,

vs.

**Zoraya Becerra Diaz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Michael F. Vander Wyden, for appellant.

Padron & Estevez-Pazos and Brian D. Fell, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

The former husband appeals a final judgment of dissolution of marriage. In the absence of a transcript of the final hearing or a statement of the evidence

prepared in accordance with Florida Rule of Appellate Procedure 9.200, we are unable to evaluate the former husband's arguments that the award of any durational alimony was erroneous and that the equitable distribution of the former husband's bank account was unsupported by the record. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979).

We do, however, find one issue raised by the former husband to be meritorious and apparent on the face of the final judgment. The parties were married for three years and four months (measured from the date of marriage to the date the petition for dissolution was filed, as specified by section 61.08(4), Florida Statutes (2010)).[1] Section 61.08(7) specifies that the length of an award of durational alimony "may not be modified except under exceptional circumstances and may not exceed the length of the marriage." We reject the former wife's argument that under exceptional circumstances, the term of an award of durational alimony may exceed the duration of the marriage. This "equitable" argument fails because of the clarity of the statute.

We affirm the final judgment of dissolution of marriage in all respects except one. That portion of the award of durational alimony setting the term of the

---

[1] The parties were married previously, from May 2002 through September 2004, but the record of the prior dissolution of that marriage is not before us. There is no apparent basis to consider that marriage for purposes of durational alimony in the current dissolution action or this appeal.

monthly payments at 48 months is reversed and remanded for a reduction to 40 months, the statutory limit.

Affirmed in part, reversed in part, and remanded for reduction of the term of durational alimony.