FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-9
_____

LINDA BYRD GOLEY,

    Appellant,

    v.

ROBERT ANTHONY GOLEY,

    Appellee.

_____

On appeal from the Circuit Court for Madison County.
William R. Slaughter, Judge.

May 6, 2019


M.K. THOMAS, J.

    Linda Goley, the former wife, appeals the trial court's award of an equity interest and claim in certain property and using the property interest as an offset against her claims for alimony and attorney's fees. Although the trial court erred in regarding the property as a marital asset, we affirm because the award is otherwise supported by the evidence.

*I. Facts*

    The parties were married for twenty-one years before initiating dissolution proceedings.  At the final dissolution hearing, both parties testified about marital assets and a property located in Ponce de Leon, Florida. The property is a 120-acre tract

bordering land owned by the former wife's parents. The parties testified that they purchased the property with the parents. Specifically, the parents made a lump sum down payment of $15,000 and took out a loan on the property. The property was titled in the parents' names. The oral agreement, which was never committed to writing, entailed the parties making all payments on the property loan. Once the loan was paid off, the parents were to transfer title to half of the property to the parties. The parties made $45,000 in loan payments, and the loan was paid off in 2008. The former wife then requested that her parents transfer title as promised. However, the former wife's father refused. No lawsuit has been initiated to recover the payments or pursue title to the property.

The former husband claims the property is now worth $240,000. At the dissolution hearing, the former husband stated he would expect the property to be offset by any money owed to the parents. The former wife objected to consideration of the property as the trial court lacked jurisdiction to determine ownership because her parents were not parties to the dissolution action and were not called as witnesses. The former husband requested that the trial court consider the property a marital asset and contemplate its value for offset.

The trial court entered a final judgment, finding justification for an unequal division of the marital assets and liabilities based on the length of the parties' marriage and overall necessity to do equity between the parties. The trial court noted the former wife was receiving more of the assets regarding the parties' vehicles and further unequal division of the marital assets and debts in consideration of her claims for alimony, fees, and expenses.

Relevant to the issue on appeal, the trial court considered the property in Ponce de Leon a marital asset and determined the parties had an "equitable interest and a claim" in the property against the parents. The trial court assessed a value of $45,000 to the property and awarded the equity interest and claim on the property to the former wife. The trial court noted the unequal distribution of this asset was also made in consideration of the former wife's claim for alimony and payment of her attorney's fees and costs.

2

After discussion of the statutory factors and decision to perform an unequal distribution of marital assets and liabilities, the trial court awarded the former wife alimony and directed each party to pay his or her own attorney's fees and costs. The former wife now appeals the trial court's award to her of the equity interest and claim to the Ponce de Leon property and that the award also resulted in a reduction in her alimony and a denial of payment of her attorney's fees.

## II. Analysis

"Section 61.075(1), Florida Statutes, 'requires that the trial court distribute marital assets and liabilities between the parties beginning with the premise that an equal distribution should occur.'" *Hardee v. Hardee*, 929 So. 2d 714, 715-16 (Fla. 1st DCA 2006) (quoting *Hoirup v. Hoirup,* 862 So. 2d 780, 782 (Fla. 2d DCA 2003)). The trial court "may make an unequal distribution of assets, provided the court supplies a specific finding of fact to justify its unequal distribution." *Id.*; *see also* § 61.075(1), Fla. Stat. But, the court should "ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be 'shortchanged.'" *Canakaris v. Canakaris,* 382 So. 2d 1197, 1204 (Fla. 1980). A trial court's equitable distribution scheme will be upheld absent an abuse of discretion. *Winder v. Winder*, 152 So. 3d 836, 838 (Fla. 1st DCA 2014).

The former wife contends the distribution award is improper because: (1) the Ponce de Leon property is not a marital asset; (2) neither party filed a claim against her father, thus, the father was never a party to the dissolution proceedings; and (3) as the parties do not have legal title to the property, the equity interest and claim in the property is an illusory asset. *See Sandstrom v. Sandstrom*, 617 So. 2d 327, 328 (Fla. 4th DCA 1993). We agree.

In the final judgment, the trial court found:

The Wife's father has refused to add the parties' names to the land title, despite the Wife's requests. While the parties do not have record legal title to the property, it appears that they do have an equitable interest and claim

3

in the property against the Wife's parents which can be enforced in equity, and which is a marital asset.

The trial court erred in finding the Ponce de Leon property a marital asset and that the parties had an equity interest and claim to it. This award is illusory because the former wife has no right to participate in the future appreciation and may never even receive the property as the father, at least to date, has refused to transfer title.* *See Hicks v. Hicks*, 580 So. 2d 876, 878 (Fla. 2d DCA 1991); *Huttig v. Huttig,* 530 So. 2d 1051 (Fla. 3d DCA 1988). It is, thus, apparent that the trial court awarded the former wife an asset "that was not in existence." *Hoirup*, 862 So. 2d at 782. Furthermore, the issue of property ownership or interest therein was not properly before the trial court as the property owners, the parents, were not parties to the litigation. *See Couture v. Couture*, 307 So. 2d 194, 194 (Fla. 3d DCA 1975). The trial court abused its discretion in finding an equitable interest existed at the time of dissolution, and there is no evidence it is likely to materialize in the future.

Nevertheless, we affirm the final judgment as it is otherwise supported by evidence, and the final judgment contains sufficient specificity to outline the trial court's intent in the equitable distribution scheme. *See Maddox v. Maddox*, 750 So. 2d 693 (Fla. 1st DCA 2000).

At the final hearing, the former wife presented evidence relating to her claim for permanent alimony. The two primary elements to be considered in an award of permanent alimony are the needs of the receiving spouse and the ability of the other spouse to provide the funds. *See Canakaris*, 382 So. 2d at 1201-02. The ability to pay alimony must be based on the party's net income. *Conlin v. Conlin*, 212 So. 3d 487, 489 (Fla. 2d DCA 2017). Here, the trial judge made detailed findings regarding the net income of both parties. These findings are not challenged on appeal. The trial judge found that the net incomes were similar and that the former

---

* Former Wife argues there is no viable cause of action against her father to force transfer of title pursuant to the statutes of fraud and limitations. See § 95.11, Fla. Stat.

4

husband did not have the ability to pay the former wife the $1,500.00 per month alimony she was seeking. The trial judge explained his calculation for awarding $500.00 per month in permanent alimony. Based on the uncontested evidence in the record, the former husband does not have the ability to pay the former wife more in alimony or to pay her attorney's fees, regardless of whether the property at issue was considered.

The uncontested findings of the trial court regarding the income of the parties demonstrate that the Ponce de Leon property did not affect the ultimate alimony award or the denial of attorney's fees. Accordingly, we find the trial court's error regarding the property harmless.

AFFIRMED.

WETHERELL and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lucas J. Taylor of Sellers, Taylor & Morrison, P.A., Live Oak, for Appellant.

Thomas J. Schulte of Ausley McMullen, Tallahassee, for Appellee.

5