DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ONTHONIO WHYTE,**
Appellant,

v.

**VALENTINA ECKERT WHYTE,**
Appellee.

No. 4D20-1576

[March 2, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Victoria L. Griffin, Judge; L.T. Case No. 562019DR000286.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellant.

Valentina Eckert Whyte, Port St. Lucie, pro se.

ARTAU, J.

The husband, Onthonio Whyte, appeals a final judgment dissolving the marriage between him and his wife, Valentina Eckert Whyte. We reverse the durational alimony award because it exceeded the length of the marriage in contravention of the statutory maximum and was erroneously based on imputed income without setting forth findings supported by competent, substantial evidence of the husband's income sources and probable earnings. In all other respects, we affirm the final judgment.

**Statutory Maximum for Durational Alimony**

We review a question of statutory interpretation de novo. *State v. Gabriel*, 314 So. 3d 1243, 1246 n.2 (Fla. 2021) (citing *Richards v. State*, 288 So. 3d 574, 575 (Fla. 2020)). If the language of the statute we are interpreting is clear, the statute is given its plain meaning, and we do "not look behind the statute's plain language for legislative intent or resort to rules of statutory construction." *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

"The length of a marriage is the period of time from the date of marriage until the date of filing of an action for dissolution of marriage." § 61.08(4), Fla. Stat. (2019). The husband and the wife were married from February 4, 2007, until the filing of the divorce on February 1, 2019. As the trial court acknowledged in the final judgment, the marriage's duration was "three (3) days shy of twelve years." Yet, the trial court awarded durational alimony for a full twelve years.

Section 61.08(7), Florida Statues (2019), provides that "*the length of an award of durational alimony* may not be modified except under exceptional circumstances and *may not exceed the length of the marriage.*" *Id.* (emphasis added).

Our sister court in *Diaz v. Diaz*, 152 So. 3d 743 (Fla. 3d DCA 2014), rejected an "equitable" argument that "under exceptional circumstances, the term of an award of durational alimony may exceed the duration of the marriage." *Id.* at 744. Recognizing that it was not at liberty to disregard the plain words of the statute, our sister court concluded that "[t]his 'equitable' argument fails because of the clarity of the statute." *Id.* (reversing durational alimony award of four years because it exceeded the statutory limit for a marriage of three years and four months).

While the length of the marriage in this case was just shy of the twelve years of durational alimony awarded by the trial judge, the Florida Legislature imposed a statutory maximum prohibiting any award of durational alimony that exceeds the length of a marriage. The statutory maximum is clear and unambiguous. It does not provide discretion to exceed the statutory maximum even when the duration of the marriage is shy of the amount awarded by a de minimis amount. As our supreme court explained in *Holly v. Auld*, 450 So. 2d 217 (Fla. 1984), "courts of this state are 'without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.'" *Id.* at 219 (emphasis in original omitted) (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

Thus, the trial court erred by awarding durational alimony that exceeded the statutory maximum.

**Imputation of Income**

The standard of review of a trial court's order imputing income to a spouse is whether competent, substantial evidence supports the findings.

2

*Freilich v. Freilich*, 897 So. 2d 537, 543 (Fla. 5th DCA 2005). "To impute income to [a spouse], the trial court [is] required to set 'forth in its final judgment the amount imputed and the sources for this income.'" *Stough v. Stough*, 18 So. 3d 601, 606 (Fla. 1st DCA 2009) (quoting *Griffin v. Griffin*, 993 So. 2d 1066, 1068 (Fla. 1st DCA 2008)). "The trial court may only impute a level of income supported by the evidence of employment potential and probable earnings based on work history, qualifications, and prevailing wages in the community." *Zarycki-Weig v. Weig*, 25 So. 3d 573, 575 (Fla. 4th DCA 2009) (citing *Schram v. Schram*, 932 So. 2d 245, 250 (Fla. 4th DCA 2005)).

The evidence in this case reflects that the husband works as a boat captain and marine technician on seasonal projects. The seasonal nature of these projects leaves gaps in his income which he has supplemented in the past by taking some temporary trucking jobs.

The trial court disregarded as incredulous the husband's claim that he has been unable to supplement his seasonal work because of recent health issues. Instead, the trial court relied on testimony which indicated the husband passed on one opportunity which would have provided him with work for five months, but made no findings on how much income he would have earned in those five months, and what sources of income would have been available to the husband beyond that five-month opportunity.

Based on the husband's tax returns, the trial court concluded that in 2017 the husband earned $88,946.00, in 2018 he earned $90,893.65, and in 2019 he earned $61,514.52 for seven months of seasonal work. At the wife's suggestion, the trial court annualized the husband's 2019 income by dividing his gross income of $61,514.52 by the seven months of seasonal projects, concluding he could earn $8,787.79 per month. The trial court then multiplied that monthly amount by twelve months to determine an annualized imputed income of $105,453.48. This approach did not account for the seasonal nature of husband's work with its historical income gaps. Merely multiplying earnings from a few months of the husband's past income on the assumption that he could continue generating the same amount each month despite his work's seasonal nature is no substitute for setting forth proper findings to impute income supported by competent, substantial evidence of the husband's income sources and probable earnings.

As a result, the trial court erred in imputing income to the husband that exceeded his historical earnings. Indeed, the trial court's imputation of income was approximately $15,000 more than the husband had earned in any of the prior years.

3

**Conclusion**

Accordingly, we reverse the award of durational alimony, including the retroactive award of durational alimony credited against husband's equitable distribution, and remand for further proceedings consistent with this opinion. In all other respects, we affirm the final judgment.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4