DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE JACK BECK,**
Appellant,

v.

**MONIKA TAMAS-BECK,**
Appellee.

No. 4D2024-0814

[November 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. FMCE22003528.

Kristin A. West of The Law Offices of Kristin A. West, P.A., Fort Lauderdale, for appellant.

Nancy A. Hass of Nancy A. Hass, P.A., Hollywood, for appellee.

SHEPHERD, J.

The former husband appeals the final judgment of dissolution of marriage. He raises three arguments on appeal. For the reasons discussed below, we reverse on the former husband's first and second arguments, but affirm on the third argument without discussion.

First, the former husband argues that the trial court, without making the required factual findings, ordered him to obtain life insurance to secure support. We agree such findings are required. "A trial court has the authority to order a party to obtain life insurance to secure the payment of alimony and child support." §§ 61.08(3), 61.13(1)(c) Fla. Stat. (2023). However, "the trial court must make specific evidentiary findings regarding the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant the requirement for security of the obligation." *Leyte-Vidal v. Leyte-Vidal*, 350 So. 3d 79, 83 (Fla. 4th DCA 2022); *see also Zvida v. Zvida*, 103 So. 3d 1052, 1054 (Fla. 4th DCA 2013) (failure to make the necessary findings to support an order requiring the maintenance of life insurance to secure the payment of alimony or child support constitutes reversible error). Here, the trial court's seventeen-page final judgment omits the required findings regarding life

insurance. Thus, we reverse the trial court's order directing the former husband to obtain life insurance, and remand for the court to make the required findings before considering whether to reinstate the order.

Second, the former husband argues that the trial court erred in the award of durational alimony because the trial court had miscalculated the duration of the parties' marriage. We agree with this argument as well. The record reflects the parties were married from May 15, 2013 to March 16, 2022 (i.e., 106 months). Section 61.08(8)(b), Florida Statutes (2023), provides: "An award of durational alimony may not exceed 50% of the length of a short-term marriage." § 61.08(8)(b), Fla. Stat. (2023). Section 61.08(5) defines short-term marriages as those marriages with a duration of less than ten years. § 61.08(5), Fla. Stat. (2023); *see also Whyte v. Whyte*, 337 So. 3d 18, 20 (Fla. 4th DCA 2022); *Diaz v. Diaz*, 152 So. 3d 743, 744 (Fla. 3d DCA 2014). Accordingly, we reverse and remand for the trial court to amend the final judgment to reduce the durational alimony award from fifty-four months to fifty-three months.

*Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.*

GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

2